**DAVIDSON et al. v. RILEY et al.**

(Circuit Court of Appeals, Fifth Circuit. February 17, 1927.)

No. 4890.

1. **Master and servant ⟨⟩286(17)—Negligence in failing to provide safe place for employee, injured when pipe supporting platform parted, held for jury.**

In suit against employers for alleged negligence in failing to provide safe place for employee, who was killed when pipe supporting platform, suspended 35 feet above bridge, while driving rivets in steel superstructure, parted and precipitated employee to floor, evidence

*held* sufficient to require submission of case to jury.

**2. Master and servant** ⊂⇒125(6)—**Employer is chargeable with knowledge disclosed by ordinary care as to safety of place.**

Employer is chargeable with knowledge as to safety of place constructed for employee to work as ordinary care would have disclosed.

**3. Master and servant** ⊂⇒286(3)—**Whether employer used ordinary care in determining safety of place is question for jury.**

Ordinary care of employer in determining safety of place constructed for employee to work is to be measured by risk involved, and is question of fact for jury, except where there is no room for fair difference of opinion among reasonable men.

Foster, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

Suit by Mrs. G. A. Davidson and others against S. J. Riley and others. Judgment for defendants, and plaintiffs bring error. Reversed, and remanded for a new trial.

S. L. Gwin and C. B. Snow, both of Greenwood, Miss., and F. E. Everett and J. M. Forman, both of Indianola, Miss., for plaintiffs in error.

R. C. McBee, of Greenwood, Miss., and Grover McCormick, of Memphis, Tenn., for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit against the employers of Earl Davidson to recover damages for his death, which it is alleged was caused by their negligent failure to provide him a safe place to work. At the close of plaintiffs' evidence, the trial court ruled that it was insufficient to prove the negligence alleged, and directed a verdict for defendants. Plaintiffs assign error, and seek to reverse the judgment entered on that verdict, upon the ground that the evidence submitted by them was sufficient, prima facie and unexplained, to sustain a verdict and judgment in their favor.

Defendants had a contract for the construction of a highway bridge across the Yazoo river. In order to provide a place for workmen to stand while they were engaged in driving rivets in the steel superstructure, a platform was swung from one side of the bridge to the other, about 35 feet above the floor, and made fast by ropes attached at each end to overhead beams on each side of the bridge. The sills or supports of the platform consisted of 3-inch iron pipe placed about 8 feet apart, upon which plank were laid crosswise, and held in place by pegs or pins on both sides of each pipe. The platform was 32 feet long, and at least one of the pipes used as a sill or support was made up of two pieces, which were joined together, at or near the middle, by cutting threads in the ends and screwing them into a cuff or sleeve. It was built under the supervision of defendants, and had been in use for about 10 days, during which time three riveters had been working on each side of the bridge and at each end of the platform. The bridge was 28 feet wide, so that the ropes which held up the platform were tied to it 2 feet away from the ends, thus making an unsupported span of 28 feet.

Davidson, the deceased, took the place of one of the riveters on the morning of his death. While he and the other two members of his crew were preparing to move the platform, and after they had taken out the pegs or pins which held the planks in position, Davidson approached the middle portion of the platform, and when he did so the threads which held the two joints of pipe together pulled out and the pipe sagged down. As a consequence Davidson was precipitated to the floor of the bridge, and then into the river, a total distance of about 70 feet, and was instantly killed. It was admitted that more than six men had been on the platform during the period it had been in use, but not that they had been any distance away from the ends, which were supported by the ropes tied to the overhead beams, and one of the riveters, who testified for plaintiffs, on cross-examination, gave it as his opinion, based on experience, that 3-inch pipe was strong enough to make the platform safe.

[1-3] In our opinion there was sufficient evidence, in the absence of a satisfactory explanation by defendants, to require the submission of the case to the jury. Defendants undertook the construction of the platform, and the question does not arise whether they would be liable if they had put into use a platform made by a reliable manufacturer and furnished ready for use, or had imposed upon their employees the duty of providing a platform or other appliance or instrumentality. Defendants are chargeable with such knowledge as ordinary care would have disclosed. Labatt on Master and Servant, § 1054. Ordinary care is to be measured by the risk involved, and is a question of fact for the jury, except where there is no room for a fair difference of opinion among reasonable men. Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 36 L. Ed. 485.

In this case, the jury could reasonably have arrived at the conclusion that it was the duty of defendants to make a test, so as to ascertain the strength of the jointed pipe which gave way. 20 R. C. L. 34. Whether a single uncut piece of pipe was strong enough would depend in great degree on its length. Twenty-eight feet is a long span, and it could reasonably have been concluded by the jury that the span was too long to be considered safe without a test, or that the possible weakening of the pipe by the cutting of threads would, in the judgment of a prudent employer, have rendered a test necessary. It would not be unreasonable to conclude that an employer, who puts a jointed pipe into use, without testing it, as a support for the weight of employees who are required to work at a dangerous height, fails to exercise ordinary care and diligence. Shearman & Redfield on Negligence, § 197. The fact that the ends of the platform had previously held up a greater weight is of no significance, for they were supported by ropes attached to the overhead beams, and does not tend to support the inference that the middle of the jointed pipe had been subjected to any substantial test. There was no evidence of any other test, and certainly no adequate test had been made, for the inevitable result would have been that the pipe would have given way.

The judgment is reversed, and the cause remanded for a new trial.

FOSTER, Circuit Judge, dissents.